CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

OCT 16 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHAUNCEY A. WILLIAMS,<br>    Plaintiff, | Civil Action No. 7:09cv00222 |
| v. | MEMORANDUM OPINION |
| L.W. HUFFMAN, et. al.,<br>    Defendants. | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff Chauncey A. Williams, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, against Defendants L.W. Huffman (Regional Director), D.A. Braxton (Warden), and T.A. Spangler (Correctional Officer). Williams alleges that on one occasion Spangler burned the edges of a piece of Williams' mail in retaliation after Williams submitted informal complaints against her. Williams further contends that on another occasion Spangler was "verbally nasty and aggressive" towards him. Williams also alleges that Spangler's supervisors – Huffman and Braxton – are liable for failing to protect Williams from "possible risks" after Williams submitted complaints against Spangler.[1] As relief, Williams seeks $45,000 in damages. The court finds that Williams' complaint is frivolous and dismisses it pursuant to 28 U.S.C. § 1915A(b)(1).

---

[1] The doctrine of respondeat superior cannot be invoked in § 1983 cases. Therefore, to state a plausible claim against Huffman and Braxton, Williams has to show that they acted personally to deprive Williams of his constitutional rights. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights [because t]he doctrine of respondeat superior has no application" under § 1983) (internal citations omitted). Having failed to allege any personal connection between Huffman and Braxton and a denial of Williams' constitutional rights, Williams' allegations are insufficient to state a plausible claim for relief against Huffman and Braxton. Moreover, because Spangler did not violate any of Williams' constitutional rights, neither Huffman nor Braxton violated any duty they may have had in protecting Williams from constitutional violations by their subordinates. Therefore, the actions against them are dismissed as frivolous.

## I.

Williams alleges that on October 2, 2007, he received a letter that Spangler had burned along the edges. Williams asked several guards if they knew who burned his letter. According to Williams, one of the guards informed Williams that the guard had witnessed Spangler burning mail. (Complaint 3.) Williams claims that Spangler admitted to another officer that she had burned Williams' mail because Williams had submitted an informal grievance against her. Williams concedes, however, that he received the letter, and he does not allege that the burned edges destroyed the letter's contents. Williams further alleges that on another occasion Spangler was "verbally nasty and aggressive" towards him. (Complaint 3.)

## II.

Williams brings a mail interference claim under § 1983. Because Williams does not claim that he did not receive or that he could not read his mail, the court finds no actionable interference claim. Accordingly, the court dismisses the claim as frivolous.

To state a cognizable claim of mail interference under § 1983, there must be an interference with the prisoner's incoming or outgoing mail. A mail interference claim requires a showing of harm.[2] A prisoner does not have a cognizable mail interference claim if he received and could read his mail. See Johnathan Lee X v. Murray, 1992 WL 245849 *3 (4th Cir. 1992) ("X failed to allege the denial of any benefit as his mail was neither delayed nor misdelivered . . . [therefore, his] claim was properly dismissed."); U.S. v. Stotts, 925 F.2d 83, 88 (4th Cir. 1991) ("It is difficult to see a burden of constitutional dimension when Stotts receives and reads all his

---

[2] Harm can occur when prison officials fail or refuse to deliver or post mail or when legal mail is delayed in a way that results in prejudicial harm. See Bolding v. Holshouser, 575 F.2d 461, 464-65 (4th Cir. 1978).

2

incoming mail . . ."). Furthermore, to be actionable, a mail interference claim requires evidence "to indicate a pattern or practice of opening or interfering with the delivery of legal mail." Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990); Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003) (aff'd, 88 Fed. Appx. 639 (4th Cir. 2004)) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

Williams concedes he received the letter, and he does not claim that its burned edges inhibited his ability to read it. Williams does not allege a pattern or practice of interference with his legal mail. He alleges one instance of a single letter being tampered with, a letter that he concedes he received and does not allege he could not read as a result of the tampering. Williams also does not allege the tampered letter was legal mail. Therefore, the court finds no actionable mail interference claim and dismisses Williams' claim as frivolous.

### III.

Williams alleges that Spangler burned the edges of his letter on October 2, 2007, because Williams submitted informal complaints against her. The court finds that Williams has failed to allege facts showing that Spangler burned the corners of his letter to retaliate against Williams for exercising a constitutionally protected right, and that even if Spangler burned it in retaliation that Spangler's conduct adversely impacted the right Williams alleges. Therefore, the court dismisses Williams' claim as frivolous.

To state a retaliation claim, the "plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (stating that "claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the

3

Constitution"). An inmate must present more than conclusory allegations of retaliation. Id. at 74. To state a prima facie claim of retaliation under § 1983, an inmate must allege facts showing that the exercise of his constitutional rights was a substantial factor motivating the retaliatory action, see, e.g., Hughes v. Bedsole, 48 F.3d 1376, 1386 n. 11 (4th Cir. 1995), citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Wagner v. Wheeler, 13 F.3d 86, 90-91 (4th Cir. 1993), and he must also allege that, as a result of the retaliatory action, he suffered some adverse impact on the continued exercise of his constitutional rights. ACLU v. Wicomico County, 999 F.2d 780, 784 (4th Cir. 1993).

Williams' allegations do not raise an actionable § 1983 retaliation claim because Williams did not have a constitutionally protected right to participate in a grievance procedure, see Adams, 40 F.3d at 75; Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991), and even if he did, he does not allege that the right he alleges was adversely impacted. Accordingly, the court dismisses Williams' retaliation claim.

## IV.

Williams alleges that Spangler was "verbally nasty and aggressive" towards him. (Complaint 3.) The court finds that verbal abuse, without more, does not give rise to a constitutional claim. Therefore, the court dismisses the claim as frivolous.

The Constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment by prison officials in and of itself does not state a constitutional deprivation under § 1983. Johnson v. Laham, 9 F.3d 1543 (4th Cir. 1993). An institutional employee's verbal harassment or idle threats to an inmate – even if they cause an inmate fear, anxiety, or discomfort – do not constitute an invasion of any

4

identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (finding that verbal threats causing fear for the plaintiff's life is not an infringement of a constitutional right).³

Williams' allegations that Spangler harassed and verbally abused him do not give rise to a constitutional claim. Therefore, the court dismisses the claim as frivolous.

V.

For the reasons stated herein, the court finds that Williams' complaint is frivolous, and therefore, dismisses it pursuant to § 1915A(b)(1).

The clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

**ENTER:** This October 16, 2009.

UNITED STATES DISTRICT JUDGE

---

³ See also, Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough. A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C. 1990) (finding that the threatening language of a prison official, even if true, does not amount to a constitutional violation); Ivey v. Wilson, 832 F.2d 950, 953-55 (6th Cir. 1987) (holding that verbal harassment, abuse, or arbitrariness by prison officials toward an inmate does not qualify as punishment within the meaning of the Eighth Amendment); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate his constitutional rights); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim."); Oltarzewski v. Ruggiero, 830 F.3d 136, 139 (9th Cir. 1987) (holding that verbal abuse or harassment is insufficient to state a constitutional deprivation under § 1983); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (holding that generally verbal harassment does not violate the Eighth Amendment); Cullins v. Cundy, 603 F.2d 825 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were insufficient to show the deprivation of a constitutional right).

5